WEARE *v.* PUTNAM.                 { Aug. 13, 1875.

*Arbitration—Attorney—Agreement—Practice.*

An agreement between the parties to a suit, entitled as of term, will be treated as if made in open court, and specifically enforced.

The agreement in this case stipulated for a reference of the pending suit, and all other matters and difference between the parties.  *Held*, that judgment should be rendered on the referee's report, according to its terms.

The same writing included an agreement for the reference of a suit pending in the court between the town of Weare and another party.  *Held*, to be no objection to enforcing, specifically, the agreement, so far as these parties were concerned.

FROM HILLSBOROUGH CIRCUIT COURT.

Upon the filing of the report of the referee in this case the plaintiff moved for judgment, and the defendant objected and filed the following objections.  An auditor's commission in this case was issued to A. W. Sawyer.  The parties afterwards, while the case was on trial out of court before the auditor, made an agreement to refer, as appears by

paper "A" hereto annexed. The referee reports a gross sum due the plaintiff of $1,599.75, without specifying the items. The defendant claims that matters are in the award not embraced in the original writ in this case. The defendant objects to judgment and execution upon this writ, and claims that the plaintiff should resort to a suit upon the award ; that the reference takes the case out of court. It appears by the writ that an attachment was made upon the defendant's real estate, and the defendant claims that the attachment upon the writ is vacated and void by proceedings in this case.

The defendant also moved that the report be recommitted to the referee with instructions to report the items upon which he found for the plaintiff, or what he allowed in set-off. This motion of the defendant the court denied, and ordered judgment, and the questions arising in the case were transferred by RAND, J.

HILLSBOROUGH, SS.          PAPER "A."
SUPREME JUDICIAL COURT—JANUARY TERM, 1874.
MEMORANDUM OF AGREEMENT.

The town of Weare, in the county of Hillsborough, and Elbridge Putnam, of said Weare, agree to refer the suits now pending between said parties in the supreme judicial court for said county, and all other matters in difference between said parties, to the award and determination of Hon. Aaron W. Sawyer, the award of whom as made in writing, and delivered to the parties as soon as may be, shall be final and conclusive between the parties, and judgment may be rendered in either of said suits for the plaintiff therein for the amount found due by the referee to him.

And said Putnam agrees that on or before the 30th day of March, 1874, he will furnish to said town, or to its counsel, a specification of all matters claimed to be due to him from said town ; and said town agrees that at the same time it will furnish to said Putnam a like specification of all matters claimed to be due to said town from said Putnam not already specified in the said suits now pending in favor of said town against said Putnam, but any amendment to either specification may be made, with the order or consent of the referee. And it is further agreed, that the suit now pending in favor of said town against George C. Paige may be heard and determined as part of this reference, provided said Paige shall agree thereto by signing this agreement, and that the hearing under this agreement shall be had at the office of S. N. Bell, in Manchester, on the 8th day of April, 1874, at 10 o'clock in the forenoon. And if either party shall neglect to attend at the time and place of hearing, the said referee may proceed in his absence.

Witness our hands this 25th day of March, 1874.

E. PUTNAM,
By his Attorney, DAVID CROSS.
TOWN OF WEARE,
By ROBERT PEASLEE.
GEO. C. PAIGE.

*Cross & Burnham*, for the defendant.

The town of Weare commenced an action of assumpsit with the common counts in the writ. Subsequently Putnam commenced an action of assumpsit against the town. The specifications embrace a large number of items in each case. Both suits were committed to an auditor, and while the hearing before the auditor was in progress, and after a day or two of trial, the parties made an agreement to refer, according to the copy in the case. We submit that this agreement takes the case out of court, and that the town must resort to a suit upon the award, or else that it is an agreement to refer, under ch. 232 of the General Statutes. In *Elliot* v. *Quimby,* 13 N. H. 185, it is said that an agreement for submission is ordinarily a discontinuance of the suit. This agreement is not simply an agreement to refer these two suits, but it is more than that, and includes " all other matters in difference between said parties." The parties by this select a new tribunal to act upon the suits, and " all other matters in difference." This merges the suits and all other matters of difference in the referee as the tribunal, and takes the suits from the court, except as to the rendition of judgment and proceedings therein. This agreement seems to have been made according to sections 1, 2, and 4, of chapter 232, and submits all demands or differences according to section 4, and not any specific demand as in section 3.

The parties must have had this chapter in view, or if not they have made the agreement so as to bind themselves to the provisions of that chapter. If this agreement is under that chapter of the General Statutes, the writs are of no use, and the attachments upon the writs are dissolved, and the judgment is rendered by virtue of the agreement. In this view, it becomes necessary that the court should consider whether or not the attachments upon the writs are vacated and void by the agreement. The terms of the agreement cannot be reconciled in any way except as under this chapter. In this view, it in fact makes no difference as to what matters were in dispute, or whether they could be included in the actions of assumpsit. The referee must have so considered it, or he would have given the items. He undoubtedly considered this a reference under this chapter, and so acted. We submit, however, that in either case, whether this agreement takes the suits out of court or not, or whether it is an agreement under chapter 232 or not, the report should be recommitted, and the referee directed to report the items allowed. In *Yeaton* v. *Brown,* 52 N. H. 14, it is said that where the award embraces some matter not within the submission, or that can be distinguished from that which is within it, the award will be valid as to the latter, although void as to the former. But in this case, where the award is a gross sum, there is no way to distinguish whether the referee acted upon items not within the submission. The court will see, by examination of the report of the referee in the two cases, that he has put both suits together, and, instead of finding in each case, offsets what he finds in *Putnam* v. *Weare,* in the suit

of *Weare* v. *Putnam*. We deny his authority to do this, but if he had the authority he should have given the items in each suit. There is no hardship or difficulty in doing this. It would have taken a few minutes more labor, but would be more satisfactory to all parties. We submit, too, that it is reasonable and right, and to award a gross sum is unsatisfactory and unreasonable. The referee does not find, according to the submission, what is due in each suit, but he finds the balance only. It is impossible to tell what items the referee allowed. He may have allowed what was not submitted. He may have made errors in computation. The spirit of the decision, in *Davis* v. *Cilley*, 44 N. H. 448, is in favor of the items being given. We ask the court to examine the writs, report, and specifications in the two cases.

*S. N. Bell*, for the plaintiffs.

The whole question in this case arises upon the agreement between the parties in reference to the mode in which the amount due to one or the other should be determined. The case had been originally referred to an auditor, who was to state the account between the parties, and report the amount due to one or the other, as he might find upon the facts shown. The parties by their agreement changed the mode of determining the amount that might be due, and made a further agreement, entitled of the court and of the term, that judgment should be rendered for the amount found by the referee. This was an agreement that judgment should be rendered in the suit, " which they were competent to make," and it is not material whether the amount of that judgment was fixed by the parties when the agreement was signed, or was to be assessed by the court, or by the jury, or by the determination of a referee or other person ;—whenever that determination was made, it was then an agreement for judgment for a sum certain. There is nothing in the agreement or the law that required the referee to state the items that he found due the plaintiff, nor the grounds of his determination. It was agreed that the judgment should be for whatever was found due the plaintiff, that sum to be determined by the referee. It was competent for the parties to agree that judgment might be rendered for matters not specified in the original suit, if covered by the plaintiff's declaration ; but that such was the fact is not admitted ; but it is claimed by the plaintiff that nothing was claimed, nor was evidence offered, as to any matters not covered by the original declaration in the writ. The attachment of the defendant's real estate is not affected by the agreement that judgment may be rendered in the suit. The sum declared for in the plaintiff's writ is not increased, nor is the amount claimed in damage changed, nor had the rights of any third party intervened by attachment or otherwise, nor is either party placed in any different position by reason of the fact that the parties have taken this mode of assessing the damages. The matter of including the suit of Paige could make no difference, as that was a suit in favor of the town on a note which was included in the plaintiff's specification

against Putnam, and the only question was whether it should be paid by Putnam or Paige; and the referee found that Paige was liable, and Putnam not liable, and so reported to the court in the suit against Paige. The motion to recommit to the referee to report items could have no effect, as the parties had agreed that the judgment was to be rendered on the finding of the referee. The statement of the items allowed and disallowed would not change amounts found due.

CUSHING, C. J. The agreement to refer, being entitled as of term, may be placed on the files and become a part of the papers in the case. The authorities show conclusively that this agreement, being so made, is one that the court ought to enforce. The fact that the parties included in this agreement another agreement for the disposition of a suit between the plaintiff and another defendant, does not furnish any reason why the agreement between these parties, which appears to be distinct, should not be enforced. It is true the submission was not by a rule of the court, but I see no reason why it should not be treated as if it were; and as between the parties to the suit, I can see no reason on principle why, the parties having agreed that judgment should be rendered in this suit, judgment should not be so rendered. The original agreement being a reference of all claims between the parties, would, of course, include everything, and the award with judgment upon it might be pleaded in bar against any other suit by the plaintiff for matters accruing prior to the submission, unless the plaintiff should show that such matter had not been in fact heard.

As to the effect of the reference upon the attachment of the defendant's real estate, I cannot see that any question arises in this suit. The plaintiff being entitled to judgment should have it, and that without any reference to the question whether or not these proceedings have dissolved the attachment, or whether he can collect his judgment.

I do not see, in the case stated, anything which shows that the referee has not in all particulars pursued the submission, or that there is anything improper in his conduct in any particular,—and as the award with judgment upon it will be conclusive upon all matters laid before him, I cannot see any benefit to be gained by sending back the report for further details.

To the point that this agreement will be specifically enforced, see *Fernald* v. *Ladd*, 4 N. H. 370 ; *Alton* v. *Gilmanton*, 2 N. H. 520 ; *Hanover* v. *Weare*, 2 N. H. 131 ; *Olcott* v. *Banfill*, 7 N. H. 469.

It is believed that the practice is thoroughly established, that agreements entitled as of term will be treated as if made in court.

LADD and SMITH, JJ., concurred.

*Exceptions overruled.*